PRATHER, Presiding Justice,
for the Court:
I. INTRODUCTION
On September 4, 1991, the Mississippi Department of Human Services (“DHS”) filed a complaint in the Sharkey County Chancery Court alleging that Reginald Deon Smith was the biological father of Ceatrice Hollins’ child, Natasha. More specifically, DHS sought to establish paternity and secure child-support payments.
A hearing was scheduled for October 16, 1991. On October 16, Smith presented Chancellor Gerald Braddock a motion for a continuance because he needed more time to retain an attorney’s services. Chancellor Braddock granted Smith’s motion and rescheduled the hearing for January 29, 1992.
On January 6, 1992, Smith’s attorney filed an answer to DHS’s complaint denying paternity. On January 29 — the day of the hearing — DHS requested a continuance because it (DHS) was not prepared. DHS also presented a motion for blood tests. DHS explained that it was unprepared because the attorney who had been handling its paternity cases had “abruptly quit.” The chancellor denied DHS’s request for a continuance. The chancellor also denied DHS’s motion for blood tests because the motion was presented in an untimely manner.
The hearing proceeded and at its conclusion, the chancellor found that DHS had failed to prove paternity by a preponderance of the evidence. DHS appealed and presents two issues for this Court’s analysis:
1. Whether the chancellor erred by denying DHS’s motion for blood tests?

2. Whether the chancellor erred by allowing testimony regarding the mother’s sexual activity “outside the 9 to 10 month period of conception of the child?”

II. ANALYSIS

A. Issue #1

1.

Pursuant to Miss.Code Ann. § 93-9-21 (Supp.1992), a chancellor may — on his or her own motion or in response to a motion of a party — order the mother, child, and putative father to submit to a blood test. Thus, “the ordering of the blood tests is ... discretionary, rather than mandatory.” Deer v. State Dep’t of Public Welfare, 518 So.2d 649, 651 (Miss.1988). Accordingly, this Court “may reverse ... where [the chancellor] has abused that discretion in ordering, or refusing to order, the blood tests.” Id.
Public policy dictates that a determination of paternity is in a child’s best interest. Protection of a child’s best interest is a goal which this Court considers to be of utmost import in any domestic-relations case.[1] Accordingly, this Court must determine whether the child’s best interests would have been served if the chancellor had granted DHS’s motion for blood tests. Another way of looking at it is this: Natasha may never know who her father is nor receive any financial support from him — all because an attorney who had been handling her case “abruptly resigned” from DHS and left her without adequate representation.
With the foregoing analysis of law and public policy in mind, this Court concludes that the child’s best interests would have been protected if the chancellor had granted DHS’s motion for a blood test. This Court reaches this conclusion while recognizing DHS’s admitted failure to file its motion in a timely manner. However, neither the chancellor nor the defendant cited any prejudice which would have resulted if DHS’s motion had been granted.
In sum, under the facts of this case, the child’s best interests must override any concern over timeliness and we reverse and remand on this issue.

*354
B. Issue #2

DHS contends that the chancellor erred “in allowing inadmissible testimony of sexual activities of the mother outside the 9 or 10 months before the birth of the subject minor child.” Smith stated that the questions he posed to Hollins were not “addressed to a time period other than the ten month period prior to the child’s birth, but instead was simply a question as to the number of times Ms. Hollins had engaged in sexual relations with Nicholas Thomas.” Smith’s question regarding Hollins’ sexual activities during the 9- to 10-month period preceding her child’s birth was a valid and relevant question. The chancellor properly overruled DHS’s objection. This Court affirms on this issue.
III. CONCLUSION
This Court holds that the chancellor’s denial of DHS’s motion for an order compelling the putative father to submit to a blood test constituted an abuse of discretion. The chancellor was correct in allowing testimony regarding the mother’s sexual activity within the 9 or 10 month period proceeding the birth of the child. Therefore, this cause is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion joined by BANKS, J.

. For this reason, the Mississippi Legislature has provided chancellors with the power to order blood tests on the chancellor's own motion. See Miss.Code Ann. § 93-9-21 (1972).